```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT BLUEFIELD
```

**UNITED STATES OF AMERICA**

v.                                CRIMINAL NO. 1:95-00174-01

**JOHN P. HAMILTON**

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendant's motion, brought pursuant to 18 U.S.C. § 3582(c)(2), asking the court for a further reduction in his sentence. (Doc. # 341). For reasons expressed more fully below, that motion is **DENIED**.

By Order entered on June 20, 2012, the court granted defendant's motion for a sentence reduction pursuant to the Fair Sentencing Act of 2010. In so doing, the court ordered defendant's offense level be reduced by four levels, resulting in a new total offense level of 35 which yielded a guideline of 292 to 365 months. The court resentenced defendant to a term of imprisonment of 292 months, the bottom of the newly calculated guideline range.

In his instant motion, defendant argues that he is entitled to a further reduction because the court did not consider his post-sentencing conduct in arriving at his new sentence. Defendant is mistaken, however, because the court <u>did</u> consider defendant's post-sentencing conduct in deciding that a sentence reduction was appropriate. The court specifically stated that it considered the addendum from the Probation Office and the

materials submitted by the parties in arriving at its decision. These documents specifically addressed defendant's post-sentencing conduct and were a factor in the court's decision.

In any event, defendant is not entitled to a further reduction in his sentence because he was sentenced at the bottom of the newly calculated guideline range. That is the extent of the reduction a court is authorized to provide. See U.S.S.G. § 1B1.10(b)(2)(A); Dillon v. United States, 130 S. Ct. 2683, 2692-94 (2010); United States v. Gaynor, No. 12-6650, 2013 WL 1679394, *3 (4th Cir. Apr. 18, 2013) ("[A] sentencing court, upon granting a sentence reduction, may only impose a sentence below the amended Guidelines range if the original sentence was below the then-applicable Guidelines range due to a substantial assistance motion.") (unpublished). Based on the foregoing reasons, defendant's motion is **DENIED**.

The Clerk is DIRECTED to send a copy of this Memorandum Opinion and Order to defendant, the Federal Public Defender, counsel of record, the United States Marshal for the Southern District of West Virginia, and to the United States Probation Office.

It is SO ORDERED this 23rd day of July, 2013.

                              ENTER:

                              David A. Faber
                              Senior United States District Judge