```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT BLUEFIELD
```

**UNITED STATES OF AMERICA**

**v.**                                    **CRIMINAL NO. 1:95-00174**

**JOHN P. HAMILTON**

<u>MEMORANDUM OPINION AND ORDER</u>

Pending before the court is defendant's motion, pursuant to 18 U.S.C. § 3582(c)(2), for a reduction in his sentence based on a subsequent reduction in the applicable sentencing guideline. (Doc. No. 343). On April 30, 2014, the United States Sentencing Commission submitted to Congress an amendment to the federal sentencing guidelines that reduces the guidelines applicable to drug trafficking offenses. Specifically, Amendment 782 reduces by two the offense levels assigned in the Drug Quantity Table, resulting in lower guideline ranges for most drug trafficking offenses. Amendment 782, sometimes called "drugs minus two" or the "2014 drug guidelines amendment," took effect on November 1, 2014. On July 18, 2014, the Sentencing Commission voted to give retroactive effect to Amendment 782. Amendment 782 is however subject to the following limitation: "The court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later." U.S.S.G. § 1B1.10(e)(1). Counsel was appointed to represent defendant and the parties were directed to file memoranda in support of their positions.

The court has received and considered the Original Presentence Investigation Report (PSI), the Judgment and Commitment Orders and Statement of Reasons, addendum to the PSI from the Probation Office, memoranda filed by defendant and the United States, and other matters of record.  The court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

Having reviewed the materials of record, the court has determined that the motion must be **DENIED** as the guideline range applicable to defendant has not been lowered as a result of the amendment.[*]  Therefore, he is not eligible for a reduction.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to defendant, the United States Attorney, the Federal Public Defender, and the United States Probation Office.

**IT IS SO ORDERED** this 6th day of November, 2015.

ENTER:

David A. Faber
Senior United States District Judge

---

[*] Although defendant contends that the guideline range applicable to him has been lowered, he is mistaken.  According to U.S.S.G. § 2D1.5, the guideline covering continuing criminal enterprise, a court is to apply the greater of (1) 4 plus the offense level from §2D1.1 applicable to the underlying offense; or (2) 38.  After the amendment, the drug quantity table yields an offense level of 32 which is then added to 4 for a total base offense level of 36.  However, because 38 is greater than 36, the base offense level remains 38.

2